IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAMVEL AGADZHAHOV, on behalf of himself and all others similarly situated, | ) ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | |
| FIRE OF BRAZIL II, LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Samvel Agadzhahov (hereinafter "Plaintiff") on behalf of himself and others similarly situated, and files this lawsuit against Defendant Fire of Brazil II, LLC (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated minimum and overtime wages to Plaintiff and the Collective Class in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Fire of Brazil II, LLC is a Georgia corporation, and the unlawful employment practices described herein occurred at 218 Peachtree Street, NW, Atlanta, GA, 30303. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III.  Parties

5.

Plaintiff is a male citizen of the United States and a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from June 1, 2009 through September 3, 2013 as a waiter.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed Plaintiff during the relevant time period.

10.

At times during the last three years, Defendant employed more than 20 waiters and servers out of its location on 218 Peachtree Street, NW, Atlanta, GA, 30303.

11.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential or the minimum wage for each hour worked.

12.

Defendant Fire of Brazil II, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Fire of Brazil II, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207 and FLSA §6, 29 U.S.C. §206.

15.

Defendant Fire of Brazil has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to restaurant supplies and food.

16.

Defendant can be served through its Registered Agent, Wilma A. Gilbertson, at 9690 Cove Court, Roswell, Georgia 30075.

## IV. <u>Facts</u>

17.

Plaintiff worked for the Defendant within the past three years.

18.

Plaintiff was hired by Defendant on June 1, 2009 as a waiter.

19.

Plaintiff's primary job duties included setting the restaurant for service, taking orders from customers, bringing food and drink to tables, receiving payment for the bill from customers, and helping to close the restaurant.

20.

Plaintiff's primary tasks did not require the exercise of discretion and independent judgment.

21.

Plaintiff worked an average of forty to fifty hours per week and was not paid the minimum wage or an overtime differential for hours worked over forty.

22.

Plaintiff complained to Brent Gilbertson, the owner, about not being paid tine and a half for hours worked over forty in a work week.

23.

Plaintiff was paid at the rate of $2.50 per hour.

24.

Plaintiff earned tips in addition to his hourly wage, but was required by the Defendant to participate in the company's tip-share program.

25.

Defendant failed to inform Plaintiff and other employees of the provisions of the tip credit subsection of the FLSA.

26.

Defendant failed to adhere to the "tip credit" requirements contained in Section 3(m) of the FLSA, 29 U.S.C. §203(m).

27.

Defendant is not entitled to a tip credit for any waiters who participated in the "tip pool." Therefore, Plaintiff and the Collective Class are entitled to at least the minimum wage for each hour worked and time and a half for hours worked over forty in a work week.

## V. Collective Class Allegations

28.

Plaintiff brings Count I of this Complaint on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant during the last three (3) years, and whose primary job duty was to serve customers at Defendant's restaurant.

29.

During the last three years, Plaintiff and the Collective Class were not paid a minimum wage for each hour worked while performing the duties of a waiter.

30.

Defendant was aware that Plaintiff and the Collective Class were working without receiving the minimum wage.

31.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for hours they worked over 40 hours in given work weeks while performing the duties of a waiter.

32.

Defendant was aware that Plaintiff and the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

33.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

34.

During the last three years, Plaintiff and the Collective Class regularly worked in excess of 40 hours in given workweeks, without receiving overtime compensation for all hours worked in excess of 40 hours in such weeks, and did not receive the minimum wage for each hour worked.

35.

Fire of Brazil's waiters, including Plaintiff, are entitled to the minimum wage differential for each hour worked and overtime pay differential for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq.. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## VI. <u>Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Plaintiff and Collective Class)</u>.

36.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours in a workweek.

37.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

38.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

39.

Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation in violation of the FLSA.

40.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make,

keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

41.

Defendant's conduct was willful and in bad faith.

42.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### VII.  Violation of the Minimum Wage Requirement of the Fair Labor Standards Act (Plaintiff and Collective Class).

43.

Defendant has violated 29 U.S.C. §206 by failing to pay the minimum wage for each hour worked by Plaintiff and the Collective Class.

44.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work without paying the minimum wage for each hour worked.

45.

Defendant's actions, policies and/or practices violate the FLSA's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required minimum wage.

46.

Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals minimum wage in violation of the FLSA.

47.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

48.

Defendant's conduct was willful and in bad faith.

49.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the minimum wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VIII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §6, 29 U.S.C. §206, FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)  Grant conditional certification and provide notice of this action to all similarly situated individuals;

(D)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 11th day of November, 2013

                                                      s/ Abigail J. Larimer
                                                    Benjamin F. Barrett
                                                    Georgia Bar No. 039586
                                                    Amanda A. Farahany

        Georgia Bar No. 646135
        Abigail J. Larimer
        Georgia Bar No. 999229

        ***Attorneys for Samvel Agadzhahov***

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com